IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02615-BNB

RUDY STANKO,

Applicant,

v.

BLAKE DAVIS, Warden, F.C.I. Englewood,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB -4 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Rudy Stanko, is a prisoner in the custody of the United States Bureau
of Prisons (BOP) at the Federal Correctional Institution in Littleton, Colorado. Mr.
Stanko initiated this action by filing *pro se* an application for a writ of habeas corpus
pursuant to 28 U.S.C. § 2241. He paid the $5.00 habeas corpus filing fee.

On December 17, 2008, Magistrate Judge Boyd N. Boland ordered Respondent
to file a preliminary response to the habeas corpus application and address the
affirmative defense of exhaustion of administrative remedies. On January 8, 2009,
Respondent filed a preliminary response. On January 14, 2009, Applicant filed a reply.

The Court must construe Mr. Stanko's application and reply liberally because he
is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as
a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated
below, the application will be denied.

Mr. Stanko currently is serving a seventy-two-month sentence for possession of a firearm by a felon, 18 U.S.C. § 922(g). His projected release date is June 20, 2011, via good-conduct-time release. He primarily asserts that he is entitled to a one-year reduction in the term of his imprisonment for participation in the Residential Drug Abuse Program. Because prison staff refuse to let him join the program, he argues he is denied the right to a reduced sentence. This argument, which he asserts through six claims, is based upon 18 U.S.C. § 3621(e)(2)(B), which provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program.

Respondent contends that Mr. Stanko has failed to exhaust four of his six claims, i.e., claims one, two, three, and five. Mr. Stanko appears to allege that he has exhausted his administrative remedies and, even if he has not, exhaustion is futile. Because the instant application will be denied on the merits, the Court need not address the issue of exhaustion.

The Court has determined, based upon independent research, that Mr. Stanko previously challenged the BOP's refusal to allow him into the residential drug abuse program and, as a consequence, its refusal to reduce the term of his imprisonment for participation in the program. *See Stanko v. Cruz*, No. 08-cv-00856-JNE-JJG, 2008 WL 4849025 (D. Minn. Nov. 6, 2008) (unpublished). In No. 08-cv-00856-JNE-JJG, the United States District Court for the District of Minnesota (District of Minnesota) denied Mr. Stanko's 28 U.S.C. § 2241 application, finding that he was not entitled to a sentence reduction as a matter of law, and that the issue of whether he qualified for participation in the program was irrelevant. *Id.*, 2008 WL 4849025 at *3. Mr. Stanko

2

did not appeal from the denial of his § 2241 application in the District of Minnesota. Instead, on December 2, 2008, he filed the instant application in this Court. The claims he raises in the instant application are similar but not identical to those he raised in No. 08-cv-00856-JNE-JJG.

In No. 08-cv-00856-JNE-JJG, Mr. Stanko asserted: (1) that because 18 U.S.C. § 3621(e) provides for a reduced sentence, the statute creates a vested liberty interest for purposes of due process, so when prison officials prevented him from joining the residential drug abuse program, they violated due process; (2) that § 3621(e), and assorted rules and regulations under the statute, violate principles of equal protection; (3) that § 3621(e) and its regulations create an unconstitutional bill of attainder, which is forbidden under Article I, § 9 of the United States Constitution; (4) that prison officials misapplied § 3621(e), and but for their errors, he would be entitled to a sentence reduction because (a) prison officials improperly disqualified him from the residential drug abuse program based on a mistaken determination that he has no substance abuse problems and because (b) even if he participates in the residential drug abuse program officials cannot deny him a sentence reduction based on his firearms conviction. He also appeared to raise a brief argument that 28 C.F.R. § 550.58(a), a regulation that categorically denied sentence reductions for those convicted of firearm offenses, violates the Administrative Procedure Act and is invalid.

In the instant action, Mr. Stanko asserts: (1) that the BOP has violated the Administrative Procedure Act by failing to provide a notice and comment period during the promulgation of 28 C.F.R. § 550.58; (2) that the BOP did not provide a valid rationale for its categorical exclusion of nonviolent convictions for possession of

sporting firearms; (3) that the BOP is violating its own rules and regulations by denying him, an alleged nonviolent offender with a history of substance abuse, enrollment in a residential drug abuse program and consideration for up to a year off his sentence upon his completion of a program; (4) that 18 U.S.C. § 3621(e), (e)(1)(c), and (e)(2)(b) create a liberty interest and/or a statutory right, allegedly unrecognized by the BOP, for him to be eligible for a residential drug abuse program and early release; (5) that the BOP is violating its own rules and regulations by allegedly denying an alleged nonviolent offender the opportunity to enroll in a residential drug abuse program and receive consideration for early release because a violation of 18 U.S.C. § 922(g) (felon in possession of a firearm), the conviction for which he is incarcerated, is not categorized as a crime of violence in BOP program statements; and (6) that the BOP failed to follow § 3621(b)(5), which requires the BOP to consider any pertinent policy statements issued by the United States Sentencing Commission.

On January 27, 2009, Mr. Stanko submitted a motion for leave to amend the instant application by substituting a different claim for claim five, which he alleges inadvertently duplicates claim three. The motion will be granted. The claim Mr. Stanko seeks to substitute for claim five is that 28 CFR § 550.58 is a prohibited bill of attainder and violates equal protection. The new claim also closely approximates claims he raised in No. 08-cv-00856-JNE-JJG.

Under 28 U.S.C. § 2244(a), "a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits." *George v. Perrill*, 62 F.3d 333, 334 (10th Cir. 1995). When a successive § 2241 application raises new claims, a court may

4

decline to hear the claims under the doctrine of abuse of the writ where the issues could have been raised previously. *Id.* "When a pro se petitioner presents a new claim in a second or subsequent habeas petition, the prisoner must show cause and prejudice. . . . Absent such a showing, a court may not hear the claim unless a petitioner shows that the case implicates a fundamental miscarriage of justice." *Id.* at 335.

As previously stated, the claims Mr. Stanko raises in the instant application are similar but not identical to the claims he raised in No. 08-cv-00856-JNE-JJG. However, the Court need not decide whether Mr. Stanko's claims are new or repeated because his failure to make any showing of cause and prejudice or a fundamental miscarriage of justice bars the second action. *See id.* (citing *Schlup v. Delo*, 513 U.S. 298, 317-23 (1995)). Therefore, the application, as amended, will be denied, and the instant action dismissed as an abuse of the writ. Accordingly, it is

ORDERED that the motion to amend that Applicant, Rudy Stanko, filed with the Court on January 27, 2009, is granted. It is

FURTHER ORDERED the habeas corpus application, as amended, is denied, and the instant action dismissed as an abuse of the writ.

DATED at Denver, Colorado, this *4* day of *February*, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-02615-BNB

Rudy Stanko
Reg. No. 18259-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

Marc A. Bonora
Assistant United State Attorney
**DELIVERED ELECTRONICALLY**


     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the
above-named individuals on _7/4/09_____

                                             GREGORY C. LANGHAM, CLERK

                                   By:_____

                                               Deputy Clerk